**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6442**

DAVID ATKINS,

        Plaintiff - Appellant,

        v.

LIEUTENANT GLASER T, Team Commander; R. CLEEK, Officer; SERGEANT
WILLIAMS; A. TURNER, Officer,

        Defendants - Appellees,

        and

NURSE SAMBOY, Head Nurse, RN; JOSEPH P. BARON, Sheriff,

        Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Leonie M. Brinkema, District Judge.  (1:18-cv-00354-LMB-TCB)

Submitted:  August 24, 2020          Decided:  September 30, 2020

Before WILKINSON and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

David Atkins, Jr., Appellant Pro Se.  Alexander Francuzenko, Philip Corliss Krone, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Atkins, Jr., a Virginia prisoner, appeals from the district court's order granting summary judgment in favor of Lieutenant Thomas Glaser, Corporal Robert Cleek, and Sergeant Erica Williams ("Defendants") and denying Atkins' Fed. R. Civ. P. 59(e) motion to alter or amend the judgment in Atkins' 42 U.S.C. § 1983 action.[1] For the reasons that follow, we vacate and remand for further proceedings.

We review a district court's grant of summary judgment de novo, "viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmovant." *Salley v. Myers*, __ F.3d __, __, No. 19-6374, 2020 WL 4664808, at *3 (4th Cir. Aug. 10, 2020). A party moving for summary judgment bears the initial burden of "'show[ing] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). If the movant makes this showing, "the nonmoving party [must then] go beyond the pleadings" and rely on "affidavits, . . . depositions, answers to interrogatories, and admissions on file" to prove that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted); *see Variety Stores*, 888 F.3d at 659. Thus, to withstand a summary judgment motion, the nonmoving party must produce more than "[c]onclusory or speculative allegations" or "a

___

[1] Although the notice of appeal lists only the March 19, 2020, order denying Atkins' Fed. R. Civ. P. 59(e) motion, a timely appeal from the denial of a Rule 59(e) motion brings up the underlying order as well where, as in this case, it is clear that this was the appellant's intent. *See* Fed. R. App. P. 4(a)(4)(A)(iv); *Brown v. French*, 147 F.3d 307, 311 (4th Cir. 1998).

mere scintilla of evidence." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted). However, a court cannot "credit[] the evidence of the party seeking summary judgment and fail[] properly to acknowledge key evidence offered by the party opposing that motion," *Tolan v. Cotton*, 572 U.S. 650, 659 (2014), unless the record "blatantly contradict[s]" the nonmoving party's version of events, *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In this case, the district court focused entirely on the Defendants' evidence because it concluded that Atkins' complaint and responsive pleadings were unsworn and unauthenticated and therefore could not be considered in assessing the summary judgment motion. Atkins' responses in opposition to Defendants' summary judgment motion were unsworn. However, he declared under penalty of perjury that the information contained in his complaint was true and correct, thus making his complaint "the equivalent of an opposing affidavit for summary judgment purposes." *World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co.*, 783 F.3d 507, 516 (4th Cir. 2015) (internal quotation marks omitted).

Because the district court based its decision to grant summary judgment in favor of Defendants solely on the evidence presented by Defendants, we vacate the district court's order and remand to allow the district court to also consider Atkins' verified complaint in determining whether Defendants are entitled to summary judgment.[2] We express no view

---

[2] While the case was still pending in the district court, Atkins appealed from the district court's February 5, 2019, order dismissing all claims against Nurse Samboy and Sheriff Joseph P. Barron, and dismissing the claims against Glaser, Cleek, and Williams (Continued)

4

on the merits of Atkins' claims. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before this court and argument

would not aid the decisional process.

*VACATED AND REMANDED*

concerning lost property and the denial of pain medication. We dismissed that appeal as interlocutory. *Atkins v. Glaser*, 775 F. App'x 140 (4th Cir. 2019) (No. 19-6402). In this appeal, Atkins does not challenge the February 5, 2019, order or the September 27, 2019, dismissal without prejudice of the claims against Officer A. Turner for failure to effect service.